IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO VENDOR FINANCIAL SERVICES, L.L.C., | 4:19-cv-00261-JAJ-HCA |
| Plaintiff, | |
| vs. | |
| NAVAL COATING, INC., | REPORT AND RECOMMENDATION |
| Defendant. | |

## I.      INTRODUCTION

Before the undersigned is Plaintiff Wells Fargo Vendor Financial Services, L.L.C.'s ("Wells Fargo") Application for Immediate Writ of Replevin and Request for Expedited Hearing. [2]. Wells Fargo seeks an immediate writ of replevin to recover four Doosan Air Compressors, pursuant to the terms of a lease agreement and a loan agreement between Wells Fargo and Defendant Naval Coating, Inc. ("Naval Coating"). *See* (Pl. Application for Writ and Expedited Hearing [2] at 1-2). Naval Coating has yet to file anything in this case, nor have counsel entered an appearance on its behalf.

The undersigned granted Wells Fargo's request for an expedited hearing on the immediate writ for replevin on August 23, 2019. [6]. Pursuant to the undersigned's Order granting the expedited hearing, Naval Coating was served with the Order granting the request for the expedited hearing on August 27, 2019. [7]. The undersigned held the hearing on September 17, 2019. [11]. Naval Coating did not appear. The undersigned considers the Application for Immediate Writ of Replevin on the papers filed and oral submissions made during the hearing.

## II.      BACKGROUND

Wells Fargo brings the instant action as a result of Naval Coating defaulting on a lease agreement as well as a loan agreement. Wells Fargo brings two counts against Naval Coating. Wells Fargo brings an action for replevin to recover four Doosan air compressors which were collateral under the agreements. Wells Fargo also brings a breach of contract claim to recover a money judgment for amounts owed under the agreements. The instant Motion concerns Wells Fargo's attempt to secure pre-judgment possession of the air compressors.

Wells Fargo entered into two separate agreements with Naval Coating, a California corporation with its principal place of business in San Diego that provides industrial and maritime painting and coating services to various businesses including the U.S. Navy. Wells Fargo believes that the air compressors it seeks to recover are still in Naval Coating's control in San Diego County, California. Wells Fargo is a single-member LLC, and its sole member is incorporated and has its principal place of business in Iowa. Both the lease and loan agreements entered by the parties specify that they are governed by Iowa law, and that any legal action or proceeding will be brought exclusively in the federal or state courts of Iowa.

On September 27, 2017, Wells Fargo and Naval Coating entered into a lease agreement whereby Wells Fargo agreed to acquire and lease to Naval Coating one Doosan Air Compressor bearing serial number 472399. On December 19, 2018, Wells Fargo and Naval Coating entered into a loan agreement whereby Wells Fargo agreed to finance Naval Coating's purchase of three Doosan Air Compressors bearing serial numbers 472147, 472612, and 478153. Wells Fargo retained security interests in the air compressors, and later perfected those interests by filing UCC Financing Statements with the California Secretary of State on October 6, 2017 and December 26, 2018. Naval Coating apparently defaulted on the terms of the two agreements by failing to make

the required payments. Wells Fargo sent Naval Coating notice of defaults on June 13, 2019, and thereafter sent demand letters for amounts due under the agreements on July 23, 2019.

Wells Fargo now seeks to take possession of the air compressors. Wells Fargo believes that Naval Coating is in possession of the four air compressors somewhere in San Diego County, California. Wells Fargo represents that the value of the air compressors is depreciating and thus its ability to recoup its damages through sale or lease of the compressors diminishes daily. Finally, Wells Fargo asserts that Naval Coating is in such financial stress that its employees are not being paid.

### III.    APPLICABLE LAW AND ANALYSIS

Wells Fargo seeks an immediate writ of replevin to the U.S. Marshall in the Southern District of California, San Diego office, to repossess the four air compressors. Because of the nature of the requested relief, the undersigned has opted to submit her proposed findings and recommendation for the disposition of the Motion to the presiding district judge in this matter, Chief District Judge John A. Jarvey. *See* 28 U.S.C.A. § 636(b)(1) (discussing limited matters on which a magistrate judge may not issue a final determination but allowing a magistrate judge to submit a report and recommendation on those matters). Accordingly, the undersigned will proceed by analyzing the applicable law, making relevant proposed findings, and finally offering a proposed recommendation for the disposition of the Motion based on the foregoing.

Federal Rule of Civil Procedure 64 provides the procedures available to a litigant seeking to "seiz[e] a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). In totality, Rule 64 provides:

> (a) Remedies Under State Law--In General. **At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located**, provides for seizing a person or property to secure

satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
(b) Specific Kinds of Remedies. The remedies available under this rule include the following--however designated and regardless of whether state procedure requires an independent action:
- arrest;
- attachment;
- garnishment;
- **replevin;**
- sequestration; and
- other corresponding or equivalent remedies.

FED. R. CIV. P. 64 (emphasis added).

Under Iowa law, an immediate writ of replevin is an available pre-judgment remedy. Iowa Code Section 643 details the procedures applicable to the remedy of replevin. The statute contains provisions running the gamut from the application of the writ to its execution in various circumstances. The undersigned will identify the relevant statutory sections below and analyze whether each section has been satisfied. In so doing, the undersigned keeps in mind that "[r]eplevin actions are highly specialized procedures, carefully designed for a narrow purpose: to restore the property to the party entitled to its immediate possession." *Ankeny Cmty. Sch. Dist. v. Van Gorp*, 501 N.W.2d 506, 507 (Iowa 1993). "A statute helps to limit the scope of the action to this special purpose . . . Iowa's scheme is to restrict the action to a sorting out of the right to immediate possession." *Id.* at 507-08.

Section 643.1 requires the litigant seeking a writ of replevin to file a verified complaint that as a general matter "require[s] a creditor to specify the nature and extent of the debt owing, the nature of any delinquency, and the extent of the creditor's security interest." *Audio Odyssey, Ltd. v. Brenton First Nat. Bank*, 245 F.3d 721, 733 (8th Cir. 2001), *reconsideration en banc granted*, *judgment vacated* (July 30, 2001), *opinion reinstated sub nom. Audio Odyssey v. Brenton First Nat. Bank*, 286 F.3d 498 (8th Cir. 2002). Section 643.1 states in its entirety:

An action of replevin may be brought in any county in which the property or some part thereof is situated. The petition must be verified and must state:

1. A particular description of the property claimed.
2. Its actual value, and, where there are several articles, the actual value of each.
3. The facts constituting the plaintiff's right to the present possession thereof, and the extent of the plaintiff's interest in the property, whether it be full or qualified ownership.
4. That it was neither taken on the order or judgment of a court against the plaintiff, nor under an execution or attachment against the plaintiff or against the property; but if it was taken by either of these modes, then it must state the facts constituting an exemption from seizure by such process.
5. The facts constituting the alleged cause of detention thereof, according to the plaintiff's best belief.
6. The amount of damages which the affiant believes the plaintiff ought to recover for the detention thereof.

Iowa Code § 643.1.

The undersigned finds that Wells Fargo has satisfied the requirements of section 643.1. The undersigned will first address the threshold issues identified in the two introductory sentences of the section before moving on to the numbered conditions that follow. The undersigned finds that the statutory requirement that the action "*may* be brought in any county in which the property or some part thereof is situated" is a permissive procedural requirement that does not prevent a federal district court sitting in diversity from issuing an immediate writ of replevin for property situated in a county outside of Iowa, in this case San Diego County, California. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2932 (3d ed. 2019) ("Although state law ordinarily determines when and how a provisional remedy is obtained, it has no effect on the underlying action to which the provisional remedy is incident. That action continues to be conducted under the Civil Rules regardless of what procedures the state may employ in suits in which provisional remedies have been obtained."). The undersigned further finds that Wells Fargo has filed a verified complaint which satisfies the numbered conditions of 643.1, and specifically finds as follows:

5

1. Each of the four individual Doosan Air Compressors have been particularly described so that they "may be identified by reasonable means." *Prenger v. Baker*, 542 N.W.2d 805, 810 (Iowa 1995) (quoting *Lyons v. Shearman*, 62 N.W.2d 196, 197–98 (1954)). Each compressor is identified by make, model, year, equipment type, and serial number. *See* (Pl. Verified Complaint [1] at 2-3); (Pl. Exhibit H ¶ 5).

2. The actual value of the four air compressors in totality is $416,000. (Pl. Verified Complaint [1] ¶ 19). As set forth in the affidavit of Raymond McIntyre, the Vice President of Wells Fargo, the actual value of each of the of air compressors is as follows: the actual value of the air compressor bearing serial number 472147 is $104,000.00; the actual value of the air compressor bearing serial number 472612 is $104,000.00; the actual value of the air compressor bearing serial number 478153 is $110,500.00; and the actual value of the air compressor bearing serial number 472399 is $97,500.00. (Pl. Exhibit H [1-8] ¶ 5); *see also* (Pl. Exhibit A; [1-1] at 8) (listing the original unit price in 2017 of the air compressor bearing serial number 472399); (Pl. Exhibit D [1-4] at 9) (listing the original unit prices in 2018 of the other three air compressors).

3. Wells Fargo is entitled to present possession of the four air compressors, as it has a full interest in the air compressors. Wells Fargo and Naval Coating entered into a lease agreement on September 27, 2017, in which Wells Fargo agreed to acquire and lease the air compressor bearing serial number 472399 to Naval Coating. *See generally* (Pl. Exhibit A [1-1]). Naval Coating is in default under the terms of the lease for failure to make payments as required by the payment schedule and was put on notice of its default on June 13, 2019. *See generally* (Pl. Exhibit B [1-2]). The default has not been cured, and Wells Fargo sent a demand letter to Naval Coating on July 23, 2019 for amounts due. *See generally* (Pl. Exhibit C [1-3]). The lease agreement specifically reserves Wells Fargo's right, in the event of default, to repossess the air compressor with or without

legal process. (Pl. Exhibit A [1-1] ¶ 12). Wells Fargo also filed a UCC Financing Statement to perfect its interest in the air compressor bearing serial number 472399 on October 6, 2017, by filing a UCC Financing Statement with the California Secretary of State. (Pl. Exhibit G [1-7] at 2).

Wells Fargo and Naval Coating entered into a loan agreement on December 19, 2018, in which Wells Fargo agreed to finance Naval Coating's purchase of the air compressors bearing serial numbers 472147, 472612, and 478153. *See generally* (Pl. Exhibit D [1-4]). Naval Coating is in default under the terms of the loan agreement for failure to make payments as required by the payment schedule and was put on notice of its default on June 13, 2019. *See generally* (Pl. Exhibit E [1-5]). The default has not been cured, and Wells Fargo sent a demand letter to Naval Coating on July 23, 2019, for amounts due. *See generally* (Pl. Exhibit F [1-6]). The loan agreement specifically provides that Wells Fargo, in the event of default, reserved all the rights and remedies of a secured party under the UCC and specifically reserved the right to take possession of the air compressors and remove them from their existing locations without notice to or the consent of Naval Coating. (Pl. Exhibit D [1-4] at 2 ¶ 7). Wells Fargo perfected its security interest in the three air compressors subject to the loan agreement on December 26, 2018, by filing a UCC Financing Statement with the California Secretary of State. (Pl. Exhibit G [1-7] at 1).

4. The air compressors were neither taken on the order or judgment of a court against Wells Fargo, nor under an execution or attachment against Wells Fargo or against the property. *See* (Pl. Verified Complaint [1] ¶ 21); *see generally* (Pl. Exhibit A [1-1]); (Pl. Exhibit D [1-4]).

5. The air compressors are currently in the possession of Naval Coating as a result of the loan and lease agreements and subsequent defaults specifically discussed above. *See generally* (Pl. Exhibit A [1-1]); (Pl. Exhibit B [1-2]); (Pl. Exhibit C [1-3]); (Pl. Exhibit D [1-4]); (Pl. Exhibit E [1-5]); (Pl. Exhibit F [1-6]); *see also* (Pl. Exhibit H [1-8] ¶ 4) ("I believe of my own personal

knowledge that the Defendant, Naval Coating, Inc., does have possession and control over the Doosan Air Compressors.").

6. Wells Fargo has indicated the amount of damages it believes it ought to recover for Naval Coating's detention of the air compressors. (Pl. Verified Complaint [1] ¶¶ 29-30).

Based on the foregoing, the undersigned finds that Wells Fargo has satisfied the conditions of section 643.1. To be entitled to *immediate* delivery of the property; however, Wells Fargo must also execute a bond pursuant to the terms of section 643.7:

> When the plaintiff desires the immediate delivery of the property, the plaintiff shall execute a bond to the defendant, with sureties to be approved by the clerk, in a penalty at least equal to twice the value of the property sought to be taken, conditioned that the plaintiff will appear in court on or before the day fixed in the original notice, and prosecute the action to judgment, and return the property, if a return is awarded, and pay all costs and damages that may be adjudged against the plaintiff.

Iowa Code § 643.7.

Wells Fargo points the undersigned to its verified complaint indicating that the value of the air compressors is $416,000.00, and represents that it "is prepared and will deliver a bond to the Clerk of Court in at least twice the determined value upon the Court's confirming of the appropriate bond amount." (Pl. Brief [2-1] at 3); *see also* (Pl. Verified Complaint [1] ¶ 19). The undersigned has already accepted the valuation of the air compressors in the verified complaint and affidavit of McIntyre, and finds that a bond of $832,000.00 is sufficient to compensate Naval Coating for any injury resulting from the proceeding if it chooses to appear. *See* Iowa Code § 643.6 ("A bond shall be filed with the clerk, and be for the use of any person injured by the proceeding.").

The final step for the undersigned to evaluate is whether sufficient notice and an opportunity for a hearing has been afforded to Naval Coating, pursuant to the terms of section 643.5:

8

> Upon direction of the court after notice and opportunity for such hearing as it may prescribe, the clerk shall issue a writ under the clerk's hand, and the seal of the court, directed to the proper officer, requiring the officer to take the property therein described and deliver it to the plaintiff.

Iowa Code § 643.5.

The undersigned finds that Naval Coating has been afforded sufficient notice and an opportunity to be heard on the Motion. "[N]either Iowa nor federal law require service of original notice prior to a prejudgment writ of replevin as long as other procedures to guarantee protection against erroneous seizures are in place." *Audio Odyssey, Ltd. v. Brenton First Nat. Bank*, 284 F. Supp. 2d 1159, 1175 (S.D. Iowa 2003). The undersigned held a hearing on the Motion on September 17, 2019, nearly one-month after Wells Fargo filed the Motion seeking both an expedited hearing and a writ of replevin on August 21, 2019. In granting the request for a hearing, the undersigned conditioned the hearing on Wells Fargo serving Naval Coating with a copy of the Order and everything else filed in the case. *See* (Order Granting Motion for Expedited Hearing [6] at 3) ("Plaintiff shall serve the Defendant with this Order setting the hearing along with everything else filed in the case. Plaintiff shall provide proof of service to the Court."). The undersigned finds that Wells Fargo complied with this requirement on August 27, 2019. *See* (Summons [7] at 1) (discussing the various court documents served on Naval Coating to its Agent for Service Alan Lerchbacker). Naval Coating has been afforded more than what is required by section 643.5, and the undersigned finds that the foregoing was more than sufficient. *See Audio Odyssey*, 245 F.3d at 733 ("[T]he court has discretion to provide advance notice and a hearing when the circumstances are *not* exigent.").

Based on the foregoing discussion of Iowa Code Sections 643.1, 643.7, and 643.5, the undersigned finds that Wells Fargo is entitled to a Writ of Replevin for immediate possession of

the four air compressors, after Wells Fargo executes a bond with the Clerk of Court in favor of Naval Coating in the amount of $832,000.00, and the Clerk of Court approves of the sureties.

## IV.   REPORT AND RECOMMENDATION AND ORDER

Based on the foregoing, the undersigned recommends Plaintiff Wells Fargo Vendor Financial Services, L.L.C.'s Application for Immediate Writ of Replevin be **granted**.

**IT IS ORDERED** that Wells Fargo shall immediately serve a copy of this Report and Recommendation on Naval Coating and file proof of service with this Court**.  IT IS FURTHER ORDERD** that the parties have until **October 4, 2019** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See FED. R. CIV. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

**IT IS SO ORDERED.**

Dated September 19, 2019.

Helen C. Adams
Chief U.S. Magistrate Judge